[No. 1257.]

CHARLES FERRARIS, ADMINISTRATOR, ETC., RESPONDENT,
v. MATTHEW KYLE, APPELLANT.

POSSESSION OF PERSONAL PROPERTY—INCLOSED LAND.—The delivery of the possession of inclosed land carries with it the possession of the personal property—wood and coal—thereon.

EVIDENCE—STATEMENT ON FORMER APPEAL INADMISSIBLE.—For the purpose of establishing a variance in the testimony of the plaintiff, from that given by him at the former trial, defendant offered the statement upon motion for a new trial and appeal used in the former hearing: *Held*, that the statement was properly excluded by the court.

IDEM—BUILDING NEW FENCE INADMISSIBLE.—Evidence that the purchaser of a wood ranch, under execution, had, after his purchase, built a new fence around the ranch—not coupled with any offer of evidence tending to prove a necessity for its construction—is immaterial, and was properly excluded by the court.

IDEM—CONDITION OF FENCE AT DATE OF TRIAL.—Evidence of the condition of a brush fence at a given date, just before the trial, is incompetent for the purpose of showing its condition twenty-nine months previous.·

INSTRUCTION.—The instruction referred to in opinion reads as follows: "It is not necessary that there should be an intent to defraud to render a transfer or sale void.  The statute makes void all conveyances made with intent to hinder, delay, or defraud creditors, and if the jury believe that the bill of sale was made and delivered with the intent to hinder, or delay, or defraud Tognini & Co. from the collection of their debt, your verdict should be for defendant": *Held*, that the instruction is self-contradictory and misleading, and that it was properly refused by the court.

APPEAL from the District Court of the Sixth Judicial District, Eureka County.

*Henry K. Mitchell, A. E. Cheney,* and *Robert M. Clarke,* for Appellant:

*Baker & Wines,* for Respondent:

By the Court, BELKNAP, J.:

Upon the former appeal the judgment of the district court was reversed, on the ground of failure of the plaintiff to establish such a possession of the personal property against attaching creditors as would satisfy the requirements of the statute of frauds. In reaching this conclusion, the evidence adduced at the trial was fully set forth in the opinion of the court. (*Comaita* v. *Kyle, ante,* 38.) At the second trial the testimony introduced by the plaintiff tended to establish the facts proven at the first trial, and in addition thereto, the fact that the land surrendered to the possession of plaintiff's intestate was inclosed by a fence.

The assignments of error specify that the evidence is insufficient to justify the verdict, for the reason that no change of possession from vendor to vendee was shown. This objection is answered by the fact that the delivery of the possession of the inclosed land carried with it the possession of the personal property thereon. This appears to be conceded by counsel, and we shall assume that the point has been abandoned as untenable.

The other exceptions arise upon the rulings of the court at the trial.

1. It was claimed that the evidence of the plaintiff differed from that given at the former trial; and for the purpose of establishing the variance, defendant offered in evidence the statement upon motion for new trial and appeal used at the former hearing of the cause. The court excluded it. A statement upon motion for new trial and appeal is made for the purpose of explaining the errors upon which the moving party and appellant will rely. If it contains the evidence introduced at the trial, it is for this purpose. Counsel frequently agree to the correctness of a statement, or that it contains all of the evidence given at the trial, and these agreements are accepted as true for the purpose for which they are made. But in fact, notwithstanding stipulations of this nature, statements rarely embody more of the evidence or rulings than counsel consider neces-

sary to illustrate the errors assigned; and matter upon which no question is made, although a part of the history of the case, is set aside as unnecessary. A document prepared in this way, it is scarcely necessary to say, should not be received without preliminary proof that its report of the evidence is correct.

2. The next specification of error is to the refusal of the court to allow the witness Tognini to testify that, after his purchase of the ranch under an execution issued upon his judgment against the vendor of plaintiff's intestate, he built a new fence around the ranch. The specification includes also an offer to prove the condition of the old fence at the time of the construction of the new one, but an examination of the record will show that this latter offer was not made, and it will not, therefore, be considered. The offer relating to the building of the fence was not coupled with any offer of evidence tending to prove a necessity for its construction, or that the inclosure was insufficient. The evidence of itself was immaterial, and was properly excluded.

3. Appellant again sought to prove the condition of the fence at the time of the sale in the month of November, 1882, by three witnesses who had examined it during the month of June, 1885, a few days before the trial. The purpose of the testimony was to prove the insufficiency of the inclosure. The district court correctly considered that a knowledge of the condition of a brush fence, at the time of trial, was not a fact from which the jury could infer its condition twenty-nine months before.

4. The remaining exception arose upon the refusal of the court to give an instruction identified in the transcript as defendant's instruction No. 5. The instruction is self-contradictory and misleading, and should have been refused.

The judgment and order of the district court are affirmed.